IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID BURGOS,                        :
                                     :
        Plaintiff                    :   CIVIL NO. 3:CV-18-1175
                                     :
    v.                               :
                                     :   (Judge Conaboy)
                                     :
TAMMY FERGUSON, ET AL.,              :
                                     :
        Defendants                   :
_____

## MEMORANDUM
### Background

David Burgos, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint are requests for leave to proceed in forma pauperis. See Docs. 2 & 7. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are Secretary John E. Wetzel and Chief Hearing Examiner Joseph Dupont of the Pennsylvania Department of Corrections (DOC) as well as the following officials at Plaintiff's prior place of confinement, the Benner Township State Correctional Institution, Bellenonte, Pennsylvania (SCI-Benner): Superintendent Tammy Ferguson; Hearing Examiner Szelewski; and Lieutenant Foster.

According to the Complaint, while held at SCI-Benner,

1

Plaintiff was issued a misconduct on October 17, 2017 by Lieutenant Foster which falsely accused him of attempt to possess contraband (#36); violation of visiting room regulations (#37); unauthorized use of the mail or telephone (#40); and criminal violation of the Pennsylvania Crimes Code (#26).

Following a disciplinary hearing before Hearing Examiner Szelewski charge # 37 was dismissed but Plaintiff was found guilty of the three remaining charges. Burgos was sanctioned to an aggregate seventy-five (75) day term of disciplinary confinement and loss of institutional employment. Plaintiff initially contends the disciplinary report contained no facts showing that he was involved in the alleged misconduct. Burgos also alleges that he was denied due process during the resulting misconduct hearing because he was denied permission to call a witness and present documentary evidence regarding the incident. Plaintiff vaguely indicates that such denials of witnesses and submission of documentary evidence are a common practice.[1]

The complaint further asserts that as a consequence of the misconduct, his eligibility was revoked for the Recidivism Risk Reduction Incentive (RRRI) a Pennsylvania state program which allows non-violent offenders opportunity to get out of jail early

---

[1] There is no discernible claim by Plaintiff that he is challenging the legality of any specific DOC policy or custom. Rather, he indicates only that Hearing Examiner Szelewski has a personal practice of denying inmate requests for witnesses and to present documentary evidence.

2

and he was removed from two institutional programs, thereby allegedly extending the length of his confinement.

As relief, Plaintiff seeks an award of compensatory and punitive damages as well as declaratory relief including a finding that that Plaintiff's RRRI status was revoked without due process. Burgos has also filed a motion seeking preliminary injunctive relief, which seeks in part expungement of the misconduct charges. See Doc. 9.

## **Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or

no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Disciplinary Placement**

Plaintiff alleges in part that he was improperly sanctioned to a term of disciplinary confinement. The Complaint explains that Burgos should not have been punished because the disciplinary report did not set forth facts showing that he was involved in the alleged misconduct and that he was denied due process during his institutional hearing on the charges.

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any

4

person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. Meachum v. Fano, 427 U.S. 215, 223-26 (1976). In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. However, Sandin focused the liberty

5

interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. In Sandin the Supreme Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. The nature of an inmate's confinement in disciplinary segregation was found similar to that of inmates in administrative segregation and protective custody at his prison. Id. at 486.

Focusing on the nature of the punishment instead of on the words of any regulation, the Supreme Court held that the procedural protections in Wolff were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. The Court examined the nature of disciplinary segregation and found that "[b]ased on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing him there for 30 days did not work a major disruption in his environment." Id. In the final holding of the opinion, the Court stated that neither the state prison regulation in question, nor the Due Process Clause itself, afforded a protected liberty interest that would entitle state prisoners to the procedural protections set forth in Wolff." See id. at 487

(emphasis added).[2]

Courts within this circuit, applying Sandin in various actions, have found no merit in procedural due process claims presented regarding institutional misconduct proceedings which resulted in disciplinary custody placement. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002)(seven (7) months of disciplinary confinement did not implicate liberty interest).

In Diaz v. Canino, 2012 WL 5352483 *3 (3d Cir. Oct. 31, 2012), the Third Circuit Court of Appeals reiterated that the sanctions resulting from prison disciplinary hearings do not affect a protected liberty interest unless the sanction imposes an atypical and significant hardship on the inmate. In Diaz, the Court of Appeals concluded that a 360 day term of disciplinary confinement did not implicate a protected liberty interest. Considering the

---

2. The Sandin Court relied on three factors in making this determination: (1) confinement in disciplinary segregation mirrored conditions of administrative segregation and other forms of discretionary confinement; (2) based on a comparison between inmates inside and outside segregation, the state's action in placing the inmate there did not work a major disruption in the inmate's environment; and (3) the state's action did not inevitably affect the duration of inmate's sentence.

7

rules of law set forth in Sandin and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that any Plaintiff's claims pertaining to the imposition of a seventy-five (75) day period of disciplinary custody which was imposed as the result of misconduct charges does not set forth a viable constitutional claim because Burgos had no protected liberty interest.

**RRRI**

As previously discussed, Plaintiff raises a claim that the alleged unconstitutional finding of guilt rendered at his disciplinary hearing caused his RRRI status to be revoked thereby increasing the length of his confinement. The complaint also includes a request for declaratory relief that Burgos' "RRRI status was revoked without Due Process." Doc. 1, ¶ 41. Plaintiff has also filed a motion seeking expungement of his institutional misconduct and reinstatement of RRRI status.

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520

U.S. 641, 646 (1997), similarly concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Based on the reasoning announced in Georgevich and Edwards, Plaintiff's present claim regarding revocation of his RRRI and any related habeas corpus type requests to have his misconduct expunged and his RRRI status reinstated are not properly raised in a civil rights complaint. See Kloss v. SCI-Albion, 2017 WL 2790648 *5 (W.D. Pa. June 28, 2017)(claim for RRRI reinstatement sounds in habeas corpus). Accordingly, any such claims will be dismissed without prejudice to any right Plaintiff may have to pursue such arguments via a federal habeas corpus petition.

**Monetary Damages**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

9

Based on the nature of Plaintiff's allegations, a finding in his favor would impact the duration of his ongoing confinement. There is no indication that Burgos has successfully challenged his disciplinary charges, RRRI revocation, or the length of his ongoing incarceration.

Consequently, pursuant to Heck, Plaintiff's instant Complaint to the extent that it seeks an award of monetary damages on the basis of excessive confinement is premature because he cannot maintain a cause of action for excessive imprisonment until the basis for the excessive confinement is overturned.

**Conclusion**

Since Burgos' civil rights claims are "based on an indisputably meritless legal theory," they will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 3, 2018

10